DANIEL GREEN FELT SHOE CO. v. DOLGEVILLE FELT SHOE CO.

(Circuit Court of Appeals, Second Circuit, December 9, 1913.)

No. 165.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—SHOE AND PROCESS OF MAK-
ING SAME.

The Green patent, No. 894,733, for a shoe and process of making the
same, claims 1 and 6, which are process claims, are invalid as omitting
the use of a hollow-bottomed last, which is an essential element of the
combination process. Claim 11, which is for the product, is also void
as too broad, its terms covering shoes not made by the process described.
Claims 2, 3, 4, 5, 8, 9, and 10, all process claims, *held* valid and infringed.

Appeal from the District Court of the United States for the North-
ern District of New York.

This cause comes here upon appeal from a decree of the District Court,
Northern District of New York, sustaining a patent and finding infringement
thereof by defendant. This patent is No. 894,733; issued July 1, 1907, to Wil-
liam E. Green for a "shoe and process of making the same." The invention
relates to an improvement in felt shoes, and more particularly to that class of
shoe which is provided with a comparatively thin outer sole and with a
cushioned insole, the object being to provide a shoe of this character which
may be molded to perfect shape, and which will at the same time provide a
soft and cushioned insole which will make the shoe exceedingly comfortable
in wear. The patentee says: "My object is preferably accomplished by form-
ing the shoe wrong side out, and after it is turned placing it, in a thoroughly
wet condition, on a hollow-bottomed last and causing the felt upper to shrink
in drying, thus giving it an absolutely perfect shape and at the same time com-
pelling the soft insole to project upward, and forming a soft cushion for the
foot." There are 11 claims; no charge of infringement was pressed under
claim 7; all the others were held to be valid and infringed. All the claims
are for the process of making, except the eleventh, which is for the product.

The opinion of the District Judge will be found in 205 Fed. 745.

Henry Schreiter, of New York City, for appellant.

P. C. Peck, of New York City (Edmonds & Peck, of New York
City, of counsel), for appellee.

Before LACOMBE, WARD, and HUNT, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). Judge
Ray has discussed the prior art and the other facts in the case at great
length. A presentation of the facts sufficiently full for an understand-
ing of the following opinion will be found in his discussion; it will
be sufficient to indicate our conclusions without rehearsing the facts.
It may be noted that, in the patented process the soft padding which
is to form the insole is placed on the sole, between the latter and the
last. As the sole is stretched taut (by the shrinking of the upper) it
presses the superimposed insole towards the last, which latter, being
hollow-bottomed, receives the insole into its cavity; the outer sole
lying flat across the cavity. This is well expressed in the eighth claim,
which reads:

"8. The process of making shoes which consists in securing a shrinkable
upper to an outer sole, both being wrong side out, placing a pad on said outer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sole, securing an inner sole over said pad, turning the shoe right side out, and shrinking the same upon a hollow-bottomed last, thereby causing the upper to conform to the shape of the last and the soft filling and inner sole to project upward into the hollow of the last."

*As to the prior art.* The process of the patent involves the use of a hollow-bottomed last as it never was used before, viz.: so as to make it easier to *stretch* the sole, which does not necessarily mean increasing its dimension in the line of pull, but only drawing it taut as the sheepskin head is drawn over a drum. Presumably a shrinking upper sewed to a sole and drying on a flat-bottomed last would exercise some stretching force, but not as effectually as it does over this hollow-bottomed last, because of friction, etc. Manifestly the other function, which accompanies the stretching, namely stowing away the padding into the cavity of the hollow-bottomed last, would be totally absent when a flat-bottomed last is used. The prior art shows, no doubt, the several elements of the patented process but not combined as the patentee combines them, producing the result he indicates.

*As to all prior uses* by complainant or by others. Giving full credit to the Wannamaker books and the facts they record, defendant has not satisfied us, any more than he did Judge Ray, "beyond all reasonable doubt," which was the burden he assumed, that "No. 457" was a shoe or "Comfy" slipper (of which there were several kinds) built strictly according to the teaching of that patent.

*As to infringement.* Judge Ray relied on the testimony of Ortleib, which he quotes in his opinion. Defendant says Judge Ray ignored the cross-examination of this witness. We have considered it carefully. The only statement in it, apparently relied on, is that when the upper and last are a pretty close fit as molded and cut, and the last is forced into the upper with the sole sewed on, it will stretch the wet felt. We assume that will always happen, when the fit is close and a last is to be inserted into the entire interior, through a hole which does not open up the entire interior. But we cannot see that such stretching is a matter of any importance. Afterwards, when the drying time comes, the upper shrinks onto the last, whether the clearance through which it shrinks is normal, being cut for a loose fit, or is a recapture of the space out of which part of it was forced when the last was inserted. In both cases it forms itself by shrinkage on the last, and at the same time exerts a pull on the sole which tends to flatten it, and in flattening it lifts up the padding laid on the sole into the cavity devised to receive it.

That defendant uses a mallet to strike the sole—either with the flat head or with the rounded head is immaterial. Possibly it may expedite the process of flattening the sole and stowing away the superimposed padding; possibly it may be an improvement in shop practice, but this does not negative the use of patentee's process, which, as it seems to us, defendant certainly uses, to the extent that the patentee claims it:

*As to the claims.* We are satisfied that the use of the old tool, a hollow-bottomed last, in a way to secure a new result from it, is an essential part of the patentee's invention. Most of the claims name it as an element of the combination process—three claims, Nos. 1, 6, and

and 7, No. 7 not being relied on, do not name it. Plaintiff insists that because these claims state that the sole is stretched, the hollow-bottomed last must be read in. If this contention is unsound then these claims cannot be sustained because they do not include an element which is essential, and do not cover any subcombination which is shown by the record to be efficient. We doubt if the typical shoe of the patent could be made without the use of the hollow-bottomed last; certainly the patent does not indicate that it could. If, however, the plaintiff's contention be sound and we are to read a hollow-bottomed last into claims 1 and 6, then these claims duplicate others which *do* include that element, so they must be struck out as superfluous.

Claim 11 is for the product. We think this claim too broad. It calls only for a shoe in which upper and sole are of different shrinkability, and in which the upper is shrunk and the sole is stretched. How the sole is stretched it does not indicate. It would cover a shoe made on a flat-bottomed last, when the sole was stretched, not merely by the pull of the shrinking upper over the edge of the last, but by any other means which stretched it.

It is also silent as to the shoe having a yielding surface for the foot, formed by forcing the padding into place by the stretching of the sole, however it be stretched. It is also silent as to turning the shoe "right side outside"; it would cover a shoe which was made without being turned. It claims too much, and cannot be sustained. Manifestly it was drawn to be very broad, for it does not use the familiar phrase "substantially as described." It cannot be sustained, for it would cover shoes produced by a process different from the process of the patent, when the novelty of that process was the patentee's sole contribution to the art.

That defendant has infringed this patent is abundantly proved. The decree is affirmed as to all claims included in it except numbers 1, 6, and 11. As to those it is reversed. Since neither side has prevailed on the whole case, there will be no costs to either side of this appeal. But since defendant is manifestly an infringer, and the patent is a valid one, the modification of the decree should produce no modification of the costs awarded in the District Court.